Conyngham, P. J.
It is conceded in the case, that a meeting of the original arbitrators was held, when all attended and were sworn, thus taking' jurisdiction of the cause. When the day of meeting after the adjournment arrived, only two of the original arbitrators attended, the other having, it is said, become incapable of attending by reason of an accident, when though the defendants did not consent the two then present arbitrators chose a third one, and the new board thus constituted went on and tried the cause, all three signing the award ; the defendants, however, leaving before the trial, and not in any way assenting to it.
This proceeding was irregular, as after the arbitrators originally named had once been sworn, and had taken jurisdiction of the case, no power of appointment to fill a vacancy, if one of *536 them did not attend at a second meeting, remained with the other attending arbitrators ; see Wilson vs. Cross, 7 Watts 495. But the plaintiff now seeks to sustain the award under tire provision of the 22nd Section of the Act of June 16, 1336, Purd. Big. 55 PI. 29, P. Laws 722, because the arbitrators in their award call the third man an umpire ; it is not the name,' however, which must decide the question, hut the duty assumed by the party. All this was done in advance of any trial by the two present arbitrators, and before it could be known whether an umpire would be needed. If an arbitrator became incapable of attending, the act says, that “it shall be lawful for the remaining arbitrators to proceed with the same, and make an award if they can agree ; and if they cannot agree, then it shall be lawful to appoint an umpire.” Here, however, the two arbitrators, if they were satisfied with the grounds of Blair’s absence, made no attempt to try and see if they could agree upon an award, but at once chose a third arbitrator, seeking as it would seem, to evade the statutory provision by calling him an umpire. Under this mode of appointment he was not an umpire, but one of a board of arbitrators ; the clear and evident proof of this is, that overlooking the time of appointment the award shows Messrs. Crockett and Culver agreed in their finding, and both signed the award, and did not disagree so as to present an occasion for the appointment of an umpire. They had no right under such circumstances to name a third man to sit with them and try the ' cause, and the defendants had a perfect right to abandon the case, after the arbitrators resolved to proceed thus irregularly. Mr. Crockett in his testimony says : “Mr. Culver did not agree, and was not disposed to try the case without another arbitrator.” This, however, is not the kind of disagreement referred to in the . above cited proviso of the act. If Messrs. Culver and Crockett had concluded to proceed and try the ease, satisfied that the absence of Blair was caused by circumstances within the meaning of the-act, and after the hearing had disagreed, then they might have appointed Mr. Johnson as an umpire, and he, taking proper measures to ascertain the facts, would have made -the final award. As to ihqdjity ;of an umpire and the hearing before him, it is unnecessary to discuss them here; we might refer in brief to Russel on Arbitration, 214, 220, 221; Billing’s Law of Awards, *537 106 & infra, and the ease of Graham vs. Graham, 9 Pa. 255, and from the reference it will be plainly seen that under the award in the present case Mr. Johnson Aas not an umpire, but to all intents and purposes an arbitrator. As the arbitrators had no power to make such an appointment the award cannot be sustained and must be set aside.
The rule to set aside the award is made absolute, the costs up to the time of the irregular action of the arbitrators to abide the event of the suit.